[Crim. No. 710. Fifth Dist. Dec. 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
RAUL ACEVEDO NIEVES, Defendant and Appellant.

564

## COUNSEL

Edwin Verzyl, under appointment by the Court of Appeal, and Joel V. Longenecker for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Nelson P. Kempsky and Joel S. Primes, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GARGANO, Acting P. J.**—Officers James Cooke and David Schwartz of the Sacramento Police Department were on patrol car duty on the night of March 13, 1968. As the officers approached the intersection of Sixth and "J" Streets in Sacramento at approximately 11:45 p.m., they observed four persons of Mexican descent, all bending over a man lying on his back, later identified as Philip Joseph Taylor, holding and hitting him. When the patrol car came to a stop the assailants jumped up and walked away in several directions. Appellant and one Charles Garcia were apprehended at the scene, but the other two men, both in their twenties, escaped. Taylor then informed the officers that he had been robbed of his wallet containing $160. Appellant and Garcia were searched, but neither had the victim's money or wallet in his possession; Taylor's empty wallet was later found in the men's room at the G & M Club in Sacramento.

Appellant and Garcia were charged with robbery in violation of Penal Code section 211 and tried at the same time. At the conclusion of the trial the jury returned a verdict finding appellant guilty of robbery in the second degree; however, because the jury could not agree on the guilt of Charles Garcia, the court declared a mistrial as to that defendant. Appellant's application for probation was denied, and he was sentenced to state prison

for the term prescribed by law. He appeals from the judgment entered on the jury's verdict.

The remaining pertinent facts are these: Taylor was robbed shortly after he left the 924 Club in Sacramento. While in the club Taylor, who had been drinking heavily since about 4 o'clock that afternoon, pulled out his wallet and displayed a relatively large sum of money. Then he engaged in an altercation with a man of Mexican descent when the man attempted to take the wallet from him. At the time appellant was seated about four stools from Taylor but, according to the bartender, did not participate in the altercation.

At the trial Taylor said he did not see the faces of his assailants, did not know who took his wallet, and could not tell whether appellant was trying to help or rob him. Thus, to bolster the case against appellant, the prosecutor offered evidence of another robbery involving one Walter Johnson. Johnson testified that he was assaulted by two men and a woman in the same vicinity about a year earlier and robbed of his wallet. He said the woman reached into his pocket and removed his wallet while appellant and another man forcibly restrained him. Officer James Cooke testified that he was hailed by Johnson a few moments after the robbery occurred and that when he and his partner cruised the nearby streets in their patrol car, they saw appellant and another man of Mexican descent standing on a street corner. He said the suspects fled as the patrol car approached and that he apprehended appellant after a chase on foot. When he returned to the patrol car with appellant in custody, Johnson unhesitatingly stated, "That is the man."

Appellant does not challenge the sufficiency of the evidence to justify his conviction of robbery in the second degree. There was ample evidence to prove that Taylor was robbed by several men of Mexican descent, and two police officers saw appellant bending over the victim, striking at his body. Appellant's main contention on appeal is that the lower court erroneously admitted evidence of the Johnson robbery. He argues that Johnson's identification was insufficient as a matter of law because, on cross-examination, the witness positively stated that he recognized appellant by an ordinary wrist watch band. Appellant also argues that there was no similarity between the Johnson robbery and the offense for which he was being tried, and that evidence of the former offense should have been excluded for this reason.

Admittedly, Johnson's positive statement that he identified appellant by appellant's wrist watch band would seem to indicate that he did not see his assailant's face before or during the robbery. But, even so, appellant was observed by two police officers near the scene of the crime shortly after

it occurred, fled when the patrol car approached, and was unhesitatingly identified by Johnson as one of the robbers immediately after he was apprehended by Officer Cooke. Consequently, the wrist watch band identification was corroborated by other independent evidence, and the mere fact that it was not conclusive went to the weight of the evidence, not its admissibility.

In any event, Johnson testified that he noticed appellant and another man following him prior to the robbery, that he observed appellant while appellant was standing under a street light, and that he saw appellant's face and mustache during the attack. In fact, Johnson's seemingly inconsistent statement about the wrist watch band is readily explained by his physical impediments; the witness is hard of hearing and has difficulty making himself understood.[1] In other words, when Johnson's testimony is taken in context and considered in light of his physical handicaps, it is reasonably clear that when he said that he identified appellant by his wrist watch band he meant that the band was one (not the only) reason for the identification.[2] ■ Since appellant's trial counsel did not object to the sufficiency of the identification at any time during trial, when the prosecutor could have clarified the uncertainty one way or the other, appellant cannot be heard to complain for the first time on appeal.[3]

Appellant does not deny that evidence of other crimes is admissible in a criminal prosecution to prove a relevant or material fact if it is used for some purpose other than to show merely that the accused is predisposed to commit crime (*People* v. *Lopez,* 60 Cal.2d 223, 249 [32 Cal.Rptr. 424, 384 P.2d 16]). He does maintain that the Johnson incident was completely dissimilar to the Taylor incident and had no evidentiary value other than to show criminal disposition. Appellant also cites *People* v. *Baskett,* 237 Cal.App.2d 712 [47 Cal.Rptr. 274], and alleges that even if it is assumed, arguendo, that the two offenses are sufficiently similar to show a "common plan," evidence of the former offense was not admissible to prove the latter offense because there was no issue as to appellant's identity.

[1] A deputy district attorney testified that the action against appellant for the Johnson robbery was dismissed after the preliminary hearing because of Johnson's "apparent lack of ability to communicate from the stand that which he was able to communicate from person-to-person." Mr. Johnson is hard of hearing and articulates with difficulty. However, in the instant case the trial judge, after taking evidence on Johnson's competence, and after listening to Johnson testify out of the presence of the jury, ruled that he was competent to testify. This ruling is not challenged in this appeal.

[2] For example, on one occasion when Johnson was asked if the wrist watch was the only reason for the identification he said, "No, I don't think so."

[3] In essence, appellant argues that when it became evident that the witness Johnson may have identified appellant only through this wrist watch, the court should have stricken Johnson's testimony *sua sponte*. This follows, because appellant's trial counsel did not object to or move to strike the testimony on this ground.

■ We are not persuaded by appellant's arguments. Taylor did not see appellant remove Taylor's wallet, and it was not found in appellant's possession. Under these circumstances, the Johnson robbery was relevant to show a "common plan," and hence to prove that appellant intended to steal Taylor's money when he attacked him. ■ It is settled that evidence of a "common plan" to prove a specific intent is admissible even though there is no issue as to appellant's identity (*People* v. *Kelley,* 66 Cal.2d 232 [57 Cal.Rptr. 363, 424 P.2d 947].)[4] ■ Here, there were sufficient points of similarity between the two offenses to show a "common plan" (*People* v. *Haston,* 69 Cal.2d 233, 246 [70 Cal.Rptr. 419, 444 P.2d 91]). In both cases the victims were assaulted by three or more persons, and their wallets were removed by force; both vicitms were robbed shortly after they left a bar, and appellant was seen at or near the bar a few minutes before the assaults occurred; each victim was obviously handicapped, one by excessive drinking and the other by physical impediments; both robberies occurred in the same general vicinity within a period of one year.

■ Appellant's second contention for reversal is founded on the proposition that where all evidence affecting defendants jointly charged is the same, a conviction of one defendant cannot be sustained if the other is acquitted (*People* v. *Talbot,* 220 Cal. 3 [28 P.2d 1057]). He reasons that this rule is applicable because the jury, on the same evidence, returned a verdict finding appellant guilty and was hopelessly deadlocked as to the guilt of his codefendant Garcia.

Appellant correctly states the law. However, he ignores the facts. Garcia testified that he was trying to help, not rob, Taylor. He said he put his hands through Taylor's arms and was trying to lift him up when the police arrived, but then attempted to leave the scene because he was on parole and feared involvement. Appellant did not testify on his own behalf and offered no other evidence to prove that he was trying to help Taylor. In addition, the Johnson robbery was offered only against appellant, and it effectively dissipated any inference that appellant had gone to Taylor's rescue and was acting as a "good Samaritan" when the police arrived.

■ Appellant's third specification of error is that the trial judge improperly gave the instruction on circumstantial evidence (CALJIC 26 [Rev.]) which tells the jury that if the evidence "is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and reject the other which points to his guilt." He argues that it is the rule that the instruction should not be given

---

[4]The holding of *People* v. *Baskett, supra,* 237 Cal.App.2d 712, that the "common plan" exception is limited to proof of identity was disapproved in *People* v. *Kelley, supra,* 66 Cal.2d 232.

where the inculpatory evidence consists wholly or largely of direct evidence (*People* v. *Harmon,* 89 Cal.App.2d 55 [200 P.2d 32]), and maintains that it misled the jury to his detriment.

The foundation of this contention is sophistry. First, the instruction obviously favors a defendant in a criminal action and, if anything, should have benefited appellant. Second, the instruction was properly given, because respondent relied on circumstantial evidence to prove that appellant was guilty of robbery rather than some other crime such as simple assault. ■ Third, the instruction was labeled a defendant's instruction and presumably was requested by appellant's trial counsel. Thus, even if it is assumed that the instruction was misleading to appellant's detriment, he cannot complain on appeal under the doctrine of invited error (*People* v. *Ray,* 252 Cal.App.2d 932, 963 [61 Cal.Rptr. 1]).

It is conceded that the abstract of judgment erroneously recites a prior felony conviction. Thus, appellant's last contention is that he was illegally sentenced because the judge was influenced by a non-existent prior conviction.

Appellant's contention is contradicted by the record. The record clearly demonstrates that the trial judge knew that appellant had not sustained a prior felony conviction, and that he sentenced appellant to state prison because he was influenced by appellant's prior involvment in the Johnson affair.

The judgment is modified by striking all reference to a prior felony conviction. In all other respects, the judgment is affirmed.

Coakley, J., concurred.